UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          Docket No. 1-23-cv-5956
MATTHEW O'LEARY,

                               Plaintiff,          COMPLAINT FOR DAMAGES
                                        AND DECLARATORY RELIEF

              -against-

THE NEW YORK CITY DEPARTMENT OF          JURY TRIAL DEMANDED
INVESTIGATION AND THE CITY OF NEW
YORK

                         Defendants.
-------------------------------------------------------------X

      PLAINTIFF, MATTHEW O'LEARY ("Plaintiff"), by his attorneys, PACIFIC JUSTICE

INSTITUTE, INC., hereby complains of the Defendants as follows:

### **NATURE OF THE CASE:**

      1.     This action results from Plaintiff being denied a reasonable accommodation and

wrongfully terminated by the Defendant, the New York City Department of Investigation ("DOI")

which refused to grant an exemption from any COVID-19 vaccines.

      2.     This action seeks damages and other relief stemming from religious discrimination

in violation of Title VII of the Civil Rights of 1964, as codified, 42 U.S.C. 2000e to 2000e-17, *as*

*amended*, ("Title VII"); and the Free Exercise Clause of the First Amendment of the United States

Constitution ("Free Exercise Clause").

### **PARTIES:**

      3.     The Plaintiff currently resides in Queens County, New York, and was employed by

the DOI for all time periods relevant herein.

      4.     The DOI is the Inspector General for the City of New York ("NYC") and maintains

a principal place of business located at 180 Maiden Lane, New York, New York.

5.      NYC is a municipal corporation constituting the local government of the population residing in New York, Bronx, Queens, Kings, and Richmond Counties in New York State.

**JURISDICTION AND VENUE:**

6.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 as it arises under the U.S. Constitution and the laws of the United States including 42 U.S.C. 2000e, *et seq*.

7.      Plaintiff also seeks declaratory relief as authorized by 28 U.S.C. §§ 2201 and 2202, pursuant to Federal Rules of Civil Procedure 57, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

8.      Venue is proper within this judicial district, pursuant to 28 U.S.C. §1391(b), because relevant events occurred in this district.

**PROCEDURAL REQUIREMENT(S) AND EXHAUSTION OF ADMINISTRATIVE REMEDY(IES):**

8.      Plaintiff submitted a claim to the United States Equal Employment Opportunity Commission ("EEOC") on or about December 22, 2022.

9.      The charge of discrimination with EEOC is dated January 26, 2023.

10.     On or about June 1, 2023, the EEOC issued Plaintiff a Notice of Right to Sue.

11.     Plaintiff brings this lawsuit within 90 days of receiving the Notice of Right to Sue.

**RELEVANT BACKGROUND INFORMATION**

12.     The DOI investigates allegations of fraud, waste, or abuse involving NYC agencies, NYC employees, and individuals and/or entities who do business with or receive benefits from NYC.

13.     Plaintiff was employed by the DOI beginning on or about July 2017 as a Special Investigator/E-Discovery Manager within the Law Enforcement Technology, Digital Forensic Unit.

14.     Plaintiff's job duties as a Special Investigator/E-Discovery Manager generally consisted of (i) the provision of digital forensics assistance; (ii) collection of subject emails; (iii) access to review digital forensics extractions and email collections; (iv) training in eDiscovery review platforms and exports of evidence for prosecutors; (v) FOIL requests; and (vi) access to investigators with internal email collections and to assist with exports of this data for discovery.

15.     Beginning in March of 2020 and continuing through on or about May of 2021, Plaintiff performed the job duties as a Special Investigator/E-Discovery Manager for the DOI remotely.

16.     On October 20, 2021, the New York City Department of Health issued an Order requiring NYC employees, including employees of the DOI, to provide evidence of the first dose of a COVID-19 vaccine by October 29, 2021 ("the NYC Vaccine Mandate").

17.     NYC employees could submit a request for a reasonable accommodation to be exempt from compliance with the NYC Vaccine Mandate by October 27, 2021.

18.     Any employees of NYC subject to the NYC Vaccine Mandate, who failed to either receive the first dose of a COVID-19 vaccine by October 29, 2021 or, alternatively, receive a reasonable accommodation from compliance with the vaccine mandate, would be placed on leave of absence without pay ("LWOP") status beginning November 1, 2021.

19.     Plaintiff, who is a devout Roman Catholic, views the body as a sacred gift from God; believes in divine immunity and divine protection; and opposes any medical treatment in any way involving aborted fetal cells.

20.     As reported by the North Dakota Department of Health, in its handout literature for those considering one of the COVID-19 vaccines, "[t]he non-replicating viral vector vaccine produced by Johnson & Johnson **did require the use of fetal cell cultures, specifically PER.C6, in order to produce and manufacture the vaccine**." *See* North Dakota Health, *COVID-19 Vaccines & Fetal Cell Lines* (Apr. 20, 2021), *available at* https://www.health.nd.gov/sites/www/files/documents/COVID%20Vaccine%20Page/COVID-19_Vaccine_Fetal_Cell_Handout.pdf (last visited Aug. 2, 2021) (bold emphasis original).

21.     The Louisiana Department of Health likewise confirms that the Johnson & Johnson COVID-19 vaccine, which used PER.C6 fetal cell line, "is a retinal cell line that was **isolated from a terminated fetus in 1985**." Louisiana Department of Public Health, *You Have Questions, We Have Answers: COVID-19 Vaccine FAQ* (Dec. 12, 2020), *available at* https://ldh.la.gov/assets/oph/Center-PHCH/Center-PH/immunizations/You_Have_Qs_COVID-19_Vaccine_FAQ.pdf (last visited Aug. 2, 2021) (emphasis added).

22.     Scientists at the American Association for the Advancement of Science have likewise published research showing that the Johnson & Johnson vaccine used aborted fetal cell lines in the development and production phases of the vaccine. *Meredith Wadman*, *Vaccines that use human fetal cells draw fire*, Science (June 12, 2020), *available at* https://science.sciencemag.org/content/368/6496/1170.full (last visited Aug. 2, 2021).

23.     Also, both Moderna and Pfizer/BioNTech COVID-19 vaccines have their origins in research on aborted fetal cells lines.

24.     As reported by the North Dakota Department of Health, in its handout literature for those considering one of the COVID-19 vaccines, the Moderna and Pfizer mRNA vaccines are ultimately derived from research and testing on aborted fetal cell lines. In fact, "[e]arly in the

development of mRNA vaccine technology, **fetal cells were used for 'proof of concept' (to demonstrate how a cell could take up mRNA and produce the SARS-CoV-2 spike protein) or to characterize the SARS-CoV-2 spike protein**." *See* North Dakota Health, *COVID-19 Vaccines & Fetal Cell Lines* (Apr. 20, 2021), *available at* https://www.health.nd.gov/sites/www/files/documents/COVID%20Vaccine%20Page/COVID-19_Vaccine_Fetal_Cell_Handout.pdf (last visited Aug. 2, 2021) (emphasis added).

25.     The Louisiana Department of Health's publications again confirm that aborted fetal cells lines were used in the "proof of concept" phase of the development of their COVID-19 mRNA vaccines. Louisiana Department of Public Health, *You Have Questions, We Have Answers: COVID-19 Vaccine FAQ* (Dec. 12, 2020), *available at* https://ldh.la.gov/assets/oph/Center-PHCH/Center-PH/immunizations/You_Have_Qs_COVID-19_Vaccine_FAQ.pdf (last visited Aug. 2, 2021).

26.     On October 25, 2021, the Plaintiff requested an accommodation to be exempted from compliance with the NYC Vaccine Mandate due to his religious beliefs. **(See Exhibit "A").**

27.     A telephone meeting was held between representatives of the DOI and the Plaintiff on October 29, 2021 to address Plaintiff's request for an accommodation.

28.     During the meeting, the Plaintiff was questioned by the DOI representatives regarding his religious beliefs, but there was no discussion(s) regarding any reasonable accommodation(s), such as a work from home arrangement.

29.     On November 18, 2021, the DOI denied the Plaintiff's request for an accommodation solely on the claimed basis that the Plaintiff failed to demonstrate sufficient evidence of a sincerely held religious belief that conflicts with receiving any COVID-19 vaccine(s) such as authoritative documentation from a religious organization. **(See Exhibit "B").**

30.     On November 21, 2021, the Plaintiff appealed the denial of the request for an accommodation with the Reasonable Accommodation Appeals Panel for the City of New York ("the Appeals Panel"). **(See Exhibit "C").**

31.     On December 20, 2021, the Appeals Panel notified the Plaintiff that the appeal was denied as it "Does Not Meet Criteria."  **(See Exhibit "D").**

32.     Upon information and belief, one of the Plaintiff's co-workers with similar religious beliefs as the Plaintiff submitted a request to the DOI to be exempted from the NYC Vaccine Mandate.

33.     Upon information and belief, the request for an exemption from the NYC Vaccine Mandate submitted by Plaintiff's co-worker to the DOI was denied.

34.     However, upon appealing the DOI's denial with the Appeals Panel, the request by the Plaintiff's co-worker for an exemption to the NYC Vaccine Mandate was granted.

35.     As such, upon information and belief, the Plaintiff's co-worker, who had similar religious beliefs as the Plaintiff, was nevertheless permitted to remain employed with the DOI without complying with the NYC Vaccine Mandate.

36.     Plaintiff was not permitted a similar religious accommodation as Plaintiff's co-worker at the DOI, but was instead given three business days from the date that the Plaintiff's appeal was denied with the Appeals Panel to submit proof of the first dose of a COVID-19 vaccine in compliance with the NYC Vaccine Mandate. (See Exhibit D).

37.     Plaintiff could not receive any COVID-19 vaccine(s) due to sincerely held religious beliefs and, accordingly, was placed by the DOI on LWOP status beginning on December 26, 2021.

38.     On February 11, 2022, the Plaintiff was terminated from the DOI.

39.     On June 17, 2022, the DOI offered the Plaintiff full reinstatement to employment at the DOI with no change to benefits and breaks in service. **(See Exhibit "E").**

40.     The DOI was well aware of Plaintiff's religious beliefs which conflict with receiving any COVID-19 vaccines based on the Plaintiff's prior written request for an exemption from compliance with the NYC Vaccine Mandate due to sincerely held religious beliefs.

41.     Nevertheless, the DOI's offer of full employment reinstatement to the Plaintiff was subject to one caveat, i.e. produce evidence of COVID-19 vaccination by June 30, 2022. (See Exhibit E).

42.     The Plaintiff initially filed a complaint with the New York City Human Rights Commission as a result of the denial of Plaintiff's request for a religious accommodation and termination of employment with the DOI.

43.     The Plaintiff also contacted the EEOC on December 22, 2022 in order to file a Charge of Discrimination against the DOI as a result of the denial of Plaintiff's request for a religious accommodation and termination of employment with the DOI.

**CAUSES OF ACTION:**

**FIRST CAUSE OF ACTION**
**AGAINST THE DEFENDANT DOI**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**<u>Termination on the Basis of Religion</u>**

44.     The Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

45.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* contains the following definitions:

> (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each

working day in each of twenty or more calendar weeks in the current or preceding calendar year, any agent of such a person…;

. . .

(f) The term "employee" means an individual employed by an employer…

…

(j) The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

46.     42 U.S.C. §2000e-2 entitled UNLAWFUL EMPLOYMENT PRACTICES provides, in relevant part, as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

(m) Impermissible consideration of race, color, religion, sex, or national origin in employment practices.

Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated that practice.

47.     The DOI has employed not less than fifteen employees for all relevant periods and is a covered employer subject to Title VII.

48.     The Plaintiff, for all relevant periods herewith, was a Title VII covered employee of the DOI.

49.     The Plaintiff is a Christian, who adheres to religious tenets associated with his faith, and, as such, falls within the class of individuals protected by Title VII.

50.     The Plaintiff, as a man of faith and in furtherance of sincerely held religious beliefs, cannot receive any COVID-19 vaccine(s).

51.     The Plaintiff received notice of the NYC Vaccine Mandate which became a condition to maintain employment with the DOI.

52.     The Plaintiff informed the DOI of the existence of a conflict between Plaintiff's religious beliefs and a requirement of his job, namely compliance with the NYC Vaccine Mandate.

53.     Accordingly, Plaintiff requested an accommodation to be exempted from compliance with the NYC Vaccine Mandate due to sincerely held religious beliefs.

54.     By nature of the work performed by the Plaintiff as an employee of the DOI, the job could be performed remotely.

55.     Indeed, the Plaintiff had worked remotely for the DOI from March of 2020 and continuing until or about May of 2021.

56.     The Plaintiff was qualified for the position as a Special Investigator/E-Discovery Manager with the DOI and should have been permitted to remain employed with the DOI and work remotely.

57.     Nevertheless, the DOI denied Plaintiff's request for a religious accommodation to be exempted from compliance with the NYC Vaccine Mandate under the guise that Plaintiff allegedly failed to demonstrate a sincerely held religious belief that conflicts with receiving any COVID-19 vaccine(s).

58.     Plaintiff was needlessly terminated by the DOI for the inability to comply with the NYC Vaccine Mandate as compliance would have required Plaintiff to violate sincerely held religious beliefs that conflicted with receiving any COVID-19 vaccine(s).

59.     The DOI, in denying the Plaintiff's request for an accommodation to be exempted from compliance with the NYC Vaccine Mandate, violated Title VII.

60.     The actions of the DOI, in terminating the Plaintiff from employment due to the exercise of sincerely held religious beliefs, constitutes discriminatory unemployment practices in violation of Title VII.

61.     As a direct result of the actions of the DOI's unlawful employment practices in violation of Title VII, the Plaintiff has suffered and will continue to suffer harm, including, but not limited to, the violation of his rights, loss of income/earnings, inconvenience, financial hardship, loss of employment, loss of employment benefits, nominal damages, and special damages.

**SECOND CAUSE OF ACTION**
**AGAINST THE DEFENDANT DOI**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 –**
**<u>Failure to Provide Reasonable Accommodations</u>**

62.     The Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

63.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee or prospective employee.

64.     The DOI has employed not less than fifteen employees for all relevant periods and is a covered employer subject to Title VII.

65.     The Plaintiff, for all relevant periods herewith, was a Title VII covered employee of the DOI.

66.     The Plaintiff received notice of the NYC Vaccine Mandate which became a condition to maintain employment with the DOI.

67.     The Plaintiff informed the DOI of the existence of a conflict between Plaintiff's religious beliefs and a requirement of the job performed by Plaintiff for the DOI, namely compliance with the NYC Vaccine Mandate.

68.     Accordingly, the Plaintiff requested an accommodation to be exempted from compliance with the NYC Vaccine Mandate due to sincerely held religious beliefs.

69.     In response to the Plaintiff's request for a religious accommodation, representatives of the DOI questioned Plaintiff during a telephone call regarding Plaintiff's religious beliefs.

70.     The representatives of the DOI limited their inquiries during the telephone call to the Plaintiff's religious beliefs without discussing any available accommodation(s) that would allow Plaintiff to remain employed with the DOI.

71.     By the nature of the work performed by Plaintiff as an employee of the DOI, the Plaintiff could have worked, and did work, remotely.

72.     The DOI never requested any documentation from a religious organization in support of the Plaintiff's request for an accommodation to be exempted from compliance with the NYC Vaccine Mandate due to Plaintiff's sincerely held religious beliefs.

73.     Nevertheless, the DOI denied Plaintiff's request for a religious accommodation to be exempted from compliance with the NYC Vaccine Mandate claiming that Plaintiff failed to demonstrate a sincerely held religious belief that conflicts with receiving any COVID-19 vaccine(s).

74.     The DOI did not engage in any good faith meaningful, interactive and/or cooperative dialogue with the Plaintiff regarding the sincerity of Plaintiff's religious beliefs prior to placing the Plaintiff on LWOP status and ultimately terminating Plaintiff's employment with the DOI.

75.     The DOI did not engage in any good faith meaningful, interactive and/or cooperative dialogues with the Plaintiff regarding available reasonable accommodations prior to placing the Plaintiff on LWOP status and ultimately terminating the Plaintiff.

76.     As a direct result of the actions of the DOI's unlawful employment practices in violation of Title VII, the Plaintiff has suffered and will continue to suffer harm, including, but not limited to, the violation of his rights, loss of income/earnings, inconvenience, financial hardship, loss of employment, loss of employment benefits, nominal damages, and special damages.

**THIRD CAUSE OF ACTION**
**AGAINST THE DEFENDANT DOI**
**42 U.S.C. §1983 - RELIGION CLAUSES -**
**FIRST AMENDMENT FREE EXERCISE CLAUSE**
**UNITED STATES CONSTITUTION**

77.     The Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

78.     The right to free exercise of religion is a right protected and guaranteed by the First Amendment of the U.S. Constitution.

79.     The liberties under the First Amendment apply to the states and their political subdivisions through the Fourteenth Amendment.

80.     Compliance with the NYC Vaccine Mandate was a condition of employment with the DOI.

81.     DOI is an arm of NYC which is a municipality and thus a "person" subject to 42 U.S.C. §1983 as a state governmental actor.

82.     The actions of the DOI have been, and continue to be, done under the color of law.

83.     The Plaintiff has a sincerely held religious belief that compels him to refuse any COVID-19 vaccines.

84.     The Plaintiff requested an accommodation from the DOI to be exempted from compliance with the NYC Vaccine Mandate due to sincerely held religious beliefs which conflict with receiving any COVID-19 vaccine(s).

85.     By the nature of the work performed by the Plaintiff as an employee of the DOI, he could have worked, and did work, remotely.

86.     Ultimately, while the Plaintiff could have worked remotely for the DOI, he was given an ultimatum requiring Plaintiff to choose between his employment and his faith.

87.     The DOI has engaged in indirect coercion and imposed penalties on the Plaintiff for the exercise of his religion.

88.     In doing so, the DOI has excluded the Plaintiff, as a religious observer, from continued employment.

89.     Laws that burden religion are subject to strict scrutiny.

90.     Thus, the conduct of the DOI imposed a substantial burden on the Plaintiff and interfered with, and deprived her of, the enjoyment of the religious liberties guaranteed by the First Amendment.

91.     The DOI, in denying Plaintiff's request to be exempted from compliance with the NYC Vaccine Mandate, concluded that the Plaintiff failed to demonstrate sufficient evidence of a sincerely held religious belief that conflicts with receiving any COVID-19 vaccine(s) such as authoritative documentation from a religious organization.

92.     The DOI acted with hostility towards Plaintiff's religious beliefs and passed judgment upon, or presupposed the illegitimacy of, Plaintiff's religious beliefs and practices.

93.     As a direct result of the actions of the DOI in violation of the First Amendment, the Plaintiff has suffered and will continue to suffer harm, including, but the limited to, the violation

of his rights, loss of income/earnings, inconvenience, financial hardship, loss of employment,

loss of employment benefits, nominal damages, and special damages.

**FOURTH CAUSE OF ACTION**
**AGAINST THE DEFENDANT NYC**
**42 U.S.C. §1983 - RELIGION CLAUSES -**
**FIRST AMENDMENT FREE EXERCISE CLAUSE**
**UNITED STATES CONSTITUTION**

94.     The Plaintiff repeats, reiterates, and realleges each and every allegation made in the

above paragraphs of this Complaint and incorporate those allegations herein by reference.

95.     The right to free exercise of religion is a right protected and guaranteed by the First

Amendment of the U.S. Constitution.

96.     The liberties under the First Amendment apply to the states and their political

subdivisions through the Fourteenth Amendment.

97.     NYC is a municipality and thus a "person" subject to 42 U.S.C. §1983 as a state

governmental actor.

98.     At all relevant times, the Appeals Panel was empowered and/or authorized by NYC

to review appeals of individuals subject to the NYC Vaccine Mandate who were seeking an

exemption from compliance with the COVID-19 vaccination mandate due to religious reasons.

99.     The actions of NYC, through the Appeals Panel, have been, and continue to be,

done under the color of law.

100.     The Plaintiff has a sincerely held religious belief that compels him to refuse any

COVID-19 vaccines.

101.     The Appeals Panel which reviewed the denial by the DOI of the Plaintiff's request

for a religious accommodation to be exempted from compliance with the NYC Vaccine Mandate

concluded that the Plaintiff did not meet the criteria of eligibility to receive an accommodation.

102.    However, the Appeals Panel, upon information and belief, granted an appeal filed by one of the Plaintiff's co-workers at the DOI who held similar religious beliefs as that of the Plaintiff.

103.    The Appeals Panel, in the denial of Plaintiff's appeal under the guise that Plaintiff did not meet the criteria of eligibility to receive an accommodation acted with hostility towards Plaintiff's religious beliefs and passed judgment upon, or presupposed the illegitimacy of, Plaintiff's religious beliefs and practices.

104.    As a direct result of the actions of NYC's violation of the First Amendment through the Appeals Panel, the Plaintiff has suffered and will continue to suffer harm, including, but not limited to, the violation of his rights, loss of income/earnings, inconvenience, financial hardship, loss of employment, loss of employment benefits, nominal damages, and special damages.

## **PRAYER FOR RELIEF**:

WHEREFORE, Plaintiff respectfully prays this Court grant relief as follows:

A.    A declaration that the DOI violated Title VII by denying Plaintiff's request for a religious accommodation to be exempt from compliance with the NYC Vaccine Mandate;

B.    A declaration that the DOI violated the First Amendment Free Exercise Clause;

C.    A declaration that NYC violated the First Amendment Free Exercise Clause;

D.    Award the Plaintiff actual, consequential and incidental financial losses, including, but not limited to loss of wages, backpay, front pay, benefits, and other compensation plus interest;

E.    Award the Plaintiff compensatory damages;

F.    Award the Plaintiff nominal damages;

G.    Award the Plaintiff reasonable attorneys' fees and costs of suit; and

H.     Grant the Plaintiff such additional or alternative relief as the Court deems just and

proper.

Dated this 11th day of July, 2023

Respectfully Submitted,

_____
April Forbes, Esquire (**Bar #AF0833**)
PACIFIC JUSTICE INSTITUTE, INC.
Counsel for the Plaintiff
350 Northern Boulevard
Suite 324, Box 1061
Albany, New York 12204-1000
(518) 721-8369 (Telephone)
(518) 707-0880 (Facsimile)
aforbes@pji.org (Email)