UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW O'LEARY,

Plaintiff,

- against –

THE CITY OF NEW YORK,

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION
TO DISMISS THE AMENDED COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-125*
*New York, N.Y. 10007*

*Of Counsel: Kathleen M. Linnane*
*Tel: (212) 356-2467*
*Matter No. 2023-068693*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

       A.  Background ................................................................................................1

       B.  The City's Reasonable Accommodation Process ...................................2

       C.  Plaintiff's Allegations in the Amended
           Complaint ..............................................................................................3

       D.  Plaintiff's Allegations in his Amended EEOC
           Charge ..................................................................................................4

ARGUMENT

     POINT I

         PLAINTIFF FAILED TO TIMELY EXHAUST HIS
         ADMINISTRATIVE REMEDIES PRIOR TO
         SEEKING COURT INTERVENTION ...................................................... 5

     POINT II

         PLAINTIFF'S CLAIMS THAT DEFENDANT
         VIOLATED THE FREE EXERCISE CLAUSE OF
         THE UNITED STATES CONSTITUTION FAILS
         AND MUST BE DISMISSED ................................................................. 9

       A.  Standard of Law....................................................................................9

       B.  Plaintiffs' Free Exercise Claim Must be
           Dismissed Because a Rational Basis Exists for
           Defendant's Enforcement of the Vaccine
           Mandate ................................................................................................9

     POINT III

         THE AMENDED COMPLAINT FAILS TO STATE
         A CLAIM FOR RELIGIOUS DISCRIMINATION
         UNDER TITLE VII ............................................................................... 11

POINT IV

      THE COMPLAINT FAILS TO STATE A CAUSE
OF ACTION FOR FAILURE TO
ACCOMMODATE UNDER TITLE VII ................................................ 13

      A.  Plaintiff's Placement on LWOP and Termination
for His Failure to Meet a Condition of
Employment Is Not Discipline ..........................................................13

      B.  Plaintiff Fails to Establish that He Has a Bona
Fide Religious Belief That Conflicts With a
Condition of Employment ................................................................14

CONCLUSION....................................................................................................... 16

**Cases**                                                                                                      **Pages**

In the Matter of the Application of Andrew Ansbro, as President of the Uniformed
    Firefighters Ass'n v. De Blasio,
    Index No. 159738/2021
    (Sup. Ct. New York Cnty.) ........................................................................................ 11-12

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ...................................................................................................9

Baker v. Home Depot,
    445 F.3d 541 (2d Cir. 2006) .....................................................................................13

Bath, et al. v. FDNY, et al.,
    Index No. 159689/2022, 2023 N.Y. Misc. LEXIS 2744
    (Sup. Ct. New York Cnty. June 2, 2023) ..............................................................7, 15

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ...................................................................................................9

Best Payphones, Inc. v. Dep't of Info. Tech. & Telecomms.,
    5 N.Y.3d 30 (2005) ....................................................................................................8

Broecker v. New York City Dep't of Educ.,
    525 F. Supp. 3d 299
    (E.D.N.Y. Feb. 11, 2022) ...............................................................................2, 11, 13

Brousseau v. New York City Police Dep't,
    Index No. 157739/2022, 2022 N.Y. Misc. LEXIS 6653
    (Sup. Ct. New York Cnty. Nov. 1, 2022) ...............................................................11

C.F. v. New York City Dep't of Health & Mental Hygiene,
    191 A.D.3d 69
    (N.Y. Ct. App. Dec. 23, 2020) .................................................................................10

Carter v. State,
    95 N.Y.2d 267 (2000) ................................................................................................8

Matter of Clarke v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
    213 A.D.3d 548
    (N.Y. Ct. App. Feb. 21, 2023) ............................................................................ 13-14

Cooper v. Franklin Templeton Invs.,
    22-2763-CV, 2023 U.S. App. LEXIS 14244
    (2d Cir. June 8, 2023) ...............................................................................................11

**Cases**                                                               **Pages**

Coughlin et al. v. New York State Unified Court Sys.,
    2:22-CV-04002 (FB) (JMW), 2023 U.S. Dist. LEXIS 192576
    (E.D.N.Y. Oct. 27, 2023) ........................................................................................................10

Davila v. City of New York, et al.,
    Index No. 156349/2022, 2023 N.Y. Misc. LEXIS 5287
    (Sup. Ct. Richmond Cnty. Aug. 31, 2023) ..................................................................7

Deletto v. Adams,
    Index No. 156459/2022, 2022 NYLJ LEXIS 1306
    (Sup. Ct. New York Cnty. Sept. 26, 2022) ................................................................10

Demerest v. New York City Police Dep't, et al.,
    Index No. 158479/2022, 2023 N.Y. Misc. LEXIS 328
    (Sup. Ct. New York Cnty. Jan. 24, 2023) ..................................................................7

Matter of Farca v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
    220 A.D.3d 567
    (1st Dep't Oct. 24, 2023) ..........................................................................................8

Ferguson v. Park Slope Food Co-Op,
    21-CV-347 (WFK) (TAM), 2023 U.S. Dist. LEXIS 40766
    (E.D.N.Y. Mar. 10, 2023) ..........................................................................................5

Ferrelli v. State,
    Index No. 031506/2022, 2020 N.Y. Misc. LEXIS 7339
    (Sup. Ct. Rockland Cnty. Aug. 2, 2022) ..................................................................10

Garland v. New York City Fire Dep't,
    574 F. Supp. 3d 120
    (E.D.N.Y. Dec. 6, 2021) ....................................................................2, 11, 13, 14

Guichardo v. Dollar Tree,
    16-CV-1221 (MKB), 2016 U.S. Dist. LEXIS 182869
    (E.D.N.Y. July 1, 2016) ..............................................................................................5

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013) ......................................................................................9

Jaloza v. New York City Dep't of Educ. et al.,
    Index. No. 706616/2023, 2023 N.Y. Misc. LEXIS 20365
    (Sup. Ct. Queens Cnty. July 24, 2023) ....................................................................7

Johnson v. City of New York, et al.,
    Index No. 157707/2022, 2023 N.Y. Misc. LEXIS 2910
    (Sup. Ct. New York Cnty. June 12, 2023) ................................................................7

**Cases**                                                                                    **Pages**

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) ..................................................................10

Kane v. De Blasio,
    623 F. Supp. 3d 339
    (S.D.N.Y. Aug. 26, 2022) ..............................................................9, 10

L-7 Designs Inc. v. Old Navy, LLC,
    647 F.3d 419 (2d Cir. 2011)...............................................................4, 6

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)...................................................................3

Marciano v. De Blasio,
    589 F. Supp. 3d 423
    (S.D.N.Y. Mar. 8, 2022) ...............................................................11, 13

Matson v. Bd. of Educ. of City Sch. Dist. of New York,
    631 F.3d 57 (2d Cir. 2011)....................................................................9

McGuirk v. Swiss Re Fin. Servs., Corp.,
    14 Civ. 9516 (CM), 2016 U.S. Dist. LEXIS 81338
    (S.D.N.Y. June 17, 2016)......................................................................7

Mendez v. FDNY, et al.,
    Index No. 159601/2022, 2023 N.Y. Misc. LEXIS 2352
    (Sup. Ct. New York Cnty. May 12, 2023) ................................................7

Mundy v. Nassau County Civil Serv. Commn.,
    44 N.Y.2d 352 (1978) .........................................................................8

Nat'l R.R. Passenger Corp. v. Morgan,
    536 U.S. 101, 153 L. Ed. 2d 106
    (9th Cir. Jan. 9, 2002) .........................................................................7

Okwedy v. Molinari,
    69 F. App'x 482 (2d Cir. 2003) .............................................................10

O'Reilly v. Bd. of Ed.,
    Index No. 161040/2021, 2022 N.Y. Slip Op. 30173(U)
    (Sup. Ct. New York Cnty. 2022) ...........................................................13

Phaire v. Mayor of New York City, et al.,
    Index No. 000863/2022
    (Sup. Ct. Kings Cnty. Aug. 9, 2023)........................................................7

**Cases**                                                                                          **Pages**

<u>Pierre v. Fire Dep't of the City of New York</u>,
    Index No. 158856/2022, 2023 N.Y. Misc. LEXIS 1272
    (Sup. Ct. New York Cnty. Mar. 23, 2023)...............................................................................15

<u>Robles v. Cox & Co.</u>,
    841 F. Supp. 2d 615
    (E.D.N.Y. Jan. 10, 2012) ......................................................................................................5, 6

<u>Sirisena v. City of Univ. of New York</u>,
    17-CV-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384
    (E.D.N.Y. Mar. 31, 2019) ........................................................................................................5

<u>Solomon v. County of Nassau</u>,
    CV-20-5227 (AYS), 2021 U.S. Dist. LEXIS 230153
    (E.D.N.Y. Dec. 1, 2021) ..........................................................................................................7

<u>Vega v. Hempstead Union Free Sch. Dist.</u>,
    801 F.3d 72 (2d Cir. 2015)................................................................................................11, 12

<u>Walton v. New York State Dep't of Corr. Servs.</u>,
    8 N.Y.3d 186 (2007) ................................................................................................................8

<u>We the Patriots USA, Inc. v. Hochul</u>,
    17 F.4th 266 (2d Cir. 2021) ..............................................................................................10, 12

**<u>Statutes</u>**

42 U.S.C. § 1983...................................................................................................................... 9-10

42 U.S.C. § 2000e-5(e)1 ..............................................................................................................5

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 9

## PRELIMINARY STATEMENT

Plaintiff Matthew O'Leary, formerly employed as a Special Investigator/E-Discovery Manager with the New York City Department of Investigation ("DOI"), brings this action against the City of New York ("City"), alleging religious discrimination and failure to accommodate pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff further alleges violations of his rights to freely exercise his religious beliefs under the Free Exercise Clause of the First Amendment to the United States Constitution.

The Amended Complaint must be dismissed in its entirety. First, amongst a litany of irrelevant propositions and nonsensical claims, Plaintiff fails to demonstrate that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and he thus has not exhausted his administrative remedies prior to the commencement of this proceeding. Second, the Complaint fails to state a cause of action for failure to accommodate, and because Plaintiff further fails to plausibly allege facts that demonstrate his religion was a motivation in the City's decision to terminate his employment, his Title VII claims, therefore, fail. Finally, because the Vaccine Mandate does not violate the Free Exercise Clause of the United States Constitution, Plaintiff's claim pursuant to the Free Exercise Clause also fails.

For these reasons, and as set forth more fully below, the Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

### A.      Background

On October 20, 2021 the former Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dave A. Chokshi, issued a Commissioner's Order ("COH Order") requiring all New York City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. by October 29, 2021 ("Vaccine Mandate"). The

Vaccine Mandate has been repeatedly upheld as lawful by every Court that has considered it. Thus, the Vaccine Mandate is unassailable and legally sound.

Critical to this case is that the Vaccine Mandate creates a condition of employment for City employees, including Plaintiff, to be vaccinated. On this point, the law is clear. This Court has unequivocally held that the Vaccine Mandate is a "condition of employment" for City employees such as Plaintiff. See Garland v. N.Y. City Fire Dep't, 574 F. Supp. 3d 120, 128 (E.D.N.Y. Dec. 6, 2021); see also Broecker v. N.Y.C. Dep't of Educ., 525 F. Supp. 3d 299 (E.D.N.Y. Feb. 11, 2022) (holding that the COVID-19 vaccine mandate applicable to New York City Department of Education employees created a "lawful condition of employment.").

The law of this case – as well as holdings in similar cases brought in the Southern District of New York and New York Supreme Court – is likewise clear that because vaccination against COVID-19 is a condition of employment, non-compliant employees can be terminated based on their failure to satisfy this condition.

## B. The City's Reasonable Accommodation Process

In response to the COH Order, the City established additional procedures specific to requests for vaccination-related accommodations in an effort to address the anticipated increase in accommodation requests. One day after the issuance of the Vaccine Mandate, on October 21, 2021, the Department of Citywide Administrative Services ("DCAS") issued guidance with respect to the vaccination requirement, which included the "FAQ on New York City Employees Vaccine Mandate," (see https://www1.nyc.gov/assets/dcas/downloads/pdf/guidelines/faq-vaccine-mandate.pdf (last accessed on January 3, 2024) and a document entitled "Applying for a Reasonable Accommodation from the Covid-19 Vaccine Mandate." See https://www1.nyc.gov/assets/dcas/downloads/pdf/guidelines/vaccine-reasonable-accommodation-process.pdf (last accessed on January 3, 2024). These documents laid out the

guidelines for seeking an exemption from the Vaccine Mandate through a reasonable accommodation request. Any City employee who was denied a reasonable accommodation by their agency had the right to appeal that denial. Id. All appeals were reviewed by the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel"). The Citywide Panel was created specifically in response to the DOHMH Order to consider appeals filed by City employees whose accommodation requests had been denied by their respective agency.

**C.      Plaintiff's Allegations in the Amended Complaint[1]**

Plaintiff alleges that he was employed as a Special Investigator/E-Discovery Manager with DOI, an agency of Defendant City, from on or about July, 2017, until the termination of his employment on February 11, 2022. See Amended Complaint ("AC") ¶¶19, 64. Plaintiff applied for a religious accommodation to the Vaccine Mandate following the procedures set forth above, whereby Plaintiff alleges that on October 25, 2021, he submitted a request to DOI for a religious accommodation to the Vaccine Mandate ("RA Request"). Id. ¶38. The Amended Complaint further alleges that Plaintiff is Roman Catholic, that Plaintiff's RA Request "explained the conflict between his religious beliefs and receiving any COVID-19 vaccine," that "Plaintiff's religious views include a belief in divine immunity and divine protection," and that "the body is a sacred gift from God and, and such, Plaintiff opposes any medical treatment in any way connected to aborted fetal cells." Id. ¶¶28-30, 39.

Plaintiff alleges that on October 29, 2021, he discussed his religious beliefs with a DOI representative, and that on November 18, 2021, his RA Request was denied by DOI. Id. ¶¶40-41, 43. Plaintiff alleges that on November 21, 2021, he appealed the denial of his RA Request to

---

[1] For the purposes of this motion only, the well-pleaded allegations of fact in the Complaint are deemed to be true. See Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015).

the Citywide Panel. Id. ¶50. Plaintiff's appeal was allegedly denied by the Citywide Panel on December 20, 2021, and on December 24, 2021, Plaintiff alleged he was placed on Leave Without Pay ("LWOP") for his failure to demonstrate proof of COVID-19 vaccination within three business days from the date of his appeal's denial. Id. ¶¶51, 61. Plaintiff alleges that he was terminated from his employment on February 11, 2022. Id. ¶64. Plaintiff further alleges that on June 17, 2022, he was offered "full reinstatement to employment," and although Plaintiff did not apply to be reinstated, Plaintiff alleges that "[he] was denied the ability to accept the Reinstatement Offer." Id. ¶¶65, 74.

### D. Plaintiff's Allegations in his Amended EEOC Charge

On January 26, 2023, Plaintiff filed a complaint with the EEOC ("EEOC Charge"), alleging employment discrimination by DOI on the basis of Plaintiff's religion. See U.S. Equal Employment Opportunity Commission Charge of Discrimination filed by Matthew L. O'Leary (Jan. 26, 2023) annexed to the Declaration of Kathleen M. Linnane ("Linnane Decl.") as Exhibit A.[2] Plaintiff Amended his EEOC Charge on February 17, 2023. See Id. at 7. Plaintiff's EEOC Charges stated facts similar[3] to those asserted in the Amended Complaint, and acknowledges that his employment was terminated on February 11, 2022. Id. at 5, 7.

Plaintiff thereafter commenced this proceeding alleging, among other things, that (1) Defendant violated the Free Exercise Clause of First Amendment of the United States Constitution because Defendant allegedly deprived Plaintiff of the enjoyment of his religious

---

[2] Plaintiff signed his EEOC Charge on December 22, 2022, and filed the EEOC Charge on January 26, 2023. The EEOC Charge may be incorporated by reference. See L-7 Designs Inc. v. Old Navy, LLC, 647 F.3d 419 (2d Cir. 2011) (citations omitted) ("A complaint is deemed to include … materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.").

[3] Plaintiff amended his EEOC Charge to qualify his religious beliefs as "sincerely-held." See Linnane Decl., Exh. A at 7. Plaintiff's EEOC Charge also cryptically alleges that the DOI's alleged June 17, 2022 offer "was not an opportunity to be rehired, but an offer to resume by former job." Id. at 5, 7.

liberties guaranteed by the Free Exercise Clause by terminating his employment when he failed to meet a lawful condition of his employment, and (2) Defendant allegedly failed to reasonably accommodate Plaintiff's religious belief by denying his request for an exemption to an employment requirement in violation of Title VII of the Civil Rights Act. Plaintiff also appears to allege that in terminating Plaintiff's employment, Defendant discriminated against Plaintiff on the basis of his religion, also in violation of Title VII.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO TIMELY EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO SEEKING COURT INTERVENTION

The Amended Complaint fails and must be dismissed because Plaintiff did not exhaust his administrative remedies in a timely manner prior to seeking court intervention. "Title VII requires an aggrieved party to exhaust administrative remedies before filing suit in federal court." See Ferguson v. Park Slope Food Co-Op, No. 21-CV-347 (WFK) (TAM), 2023 U.S. Dist. LEXIS 40766, at *12-13 (E.D.N.Y. Mar. 10, 2023) (citation omitted) (emphasis added). To exhaust administrative remedies in New York, a plaintiff must file a charge of discrimination with the EEOC or the relevant state or local fair employment practices agency within 300 days of the alleged discriminatory acts. See 42 U.S.C. § 2000e-5(e)1; see also Robles v. Cox & Co., 841 F. Supp. 2d 615, 625 (E.D.N.Y. 2012). A plaintiff cannot file suit until the EEOC or relevant local or state agency issues a notice of right to sue. See Sirisena v. City of Univ. of N.Y., 17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384, at *10 (Mar. 31, 2019) (citations omitted). A plaintiff has ninety days from receipt of a notice of right to sue to file a lawsuit related to that charge. See Guichardo v. Dollar Tree, 16-CV-1221 (MKB), 2016 U.S. Dist. LEXIS 182869, at *8 (E.D.N.Y. July 1, 2016) (collecting cases).

As set forth above, Plaintiff alleges that his request for a reasonable accommodation was denied by DOI on November 18, 2021, and that the Citywide Panel issued a determination on his appeal **on December 20, 2021**. <u>See</u> AC ¶¶43, 51 (emphasis added). Plaintiff explicitly confirmed receipt of the Citywide Panel's determination on the very date it was received. <u>See</u> Linnane Decl., Exh. B[4]. Plaintiff further alleges that he was terminated from his employment on February 11, 2022, and that his EEOC Charge was dated January 26, 2023. <u>See</u> AC ¶¶15, 64. However, by Plaintiff's own admissions, Plaintiff's claims of religious discrimination are untimely. Critically, at issue here are the denial of Plaintiff's religious RA Request and the termination of Plaintiff's employment. As a condition precedent to seeking relief in a federal court for those alleged violations, Plaintiff was required to file an EEOC charge within 300 days **after the alleged occurrence of the allegedly unlawful employment practice**, *i.e.*, within 300 days of the denial of the religious RA Request, or **no later than October 16, 2022**. <u>See</u> <u>Robles</u>, 841 F. Supp. 2d at 625. Even were Plaintiff to claim that the date of the termination of his employment controls for statute of limitations purposes, he would have had to have been filed an EEOC charge with respect to the termination within 300 days of his termination date, or **no later than December 8, 2022**. However, Plaintiff failed to do so, waiting until January 26, 2023 to file his EEOC Charge, months past the deadline required by law.

To the extent that Plaintiff now claims that the 300-day statute of limitations to file an EEOC charge began to run on June 17, 2022, when he was allegedly offered "full reinstatement

---

[4] In the Amended Complaint, Plaintiff acknowledged his receipt of the notification he alleges to have received from the Citywide Panel. Plaintiff's acknowledgement of the notification and the notification may be incorporated by reference. <u>See</u> <u>L-7 Designs Inc. v. Old Navy, LLC</u>, 647 F.3d 419 (2d Cir. 2011) (citations omitted) ("A complaint is deemed to include … materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.").

to employment,[5]" his claim is entirely meritless. Indeed, Courts that have encountered this question have consistently held that where a plaintiff must file an administrative charge within a relevant period of limitations, the alleged "discriminatory act starts a new clock for filing charges alleging that act" and that the act 'occurred' on the day that it 'happened.'" See McGuirk v. Swiss Re Fin. Servs., Corp., 2016 U.S. Dist. LEXIS 81338, *27-28 (S.D.N.Y. Jun. 17, 2016) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115, 153 L. Ed. 2d 106 (Jan. 9, 2002)). The rejection of a reasonable accommodation request is "the sort of 'discrete act' that must be the subject of a complaint to the EEOC within 300 days." See Solomon v. Cnty. of Nassau, 2021 U.S. Dist. LEXIS 230153, at *19 (E.D.N.Y. Dec. 1, 2021).

New York State Courts have similarly held that the statute of limitations to challenge the determination of a reasonable accommodation request[6] begins to run **on the date that a party is notified of the determination of the accommodation request**. The New York Court of Appeals has explained that:

> An administrative determination becomes "final and binding" when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party.

---

[5] Plaintiff alleges that on June 17, 2022, he was offered reinstatement to his employment, and although Plaintiff neither requested reinstatement, did not apply to be reinstated, nor did he inquire about reinstatement in any way, Plaintiff nonsensically alleges that "[he] was denied the ability to accept the Reinstatement Offer." See AC ¶¶65, 74.

[6] Furthermore, New York State Supreme Courts have regularly held in Art. 78 proceedings that the "statute of limitations […] *begins to run on the date that the denial is communicated to the employee*." See Bath et al. v. FDNY et al., 2023 N.Y. Misc. LEXIS 2744, at *4 (Sup. Ct. N.Y. Cnty, Jun. 2, 2023) (emphasis added); see also, e.g., Davila v. City of New York et al., Index No. 156349/2022 (Sup. Ct. Rich. Cnty, Aug. 31, 2023); Phaire v. Mayor of New York City, et al., Index No. 863/2022 (Sup. Ct. Kings Cnty., Aug. 9, 2023); Jaloza v. New York City Dep't of Educ. et al., Index. No. 706616/2023 (Sup. Ct. Queens Cnty. Jul. 24, 2023); Johnson v. City of New York et al., 2023 N.Y. Misc. LEXIS 2910 (Sup. Ct. N.Y. Cnty. Jun. 12, 2023); Mendez v. FDNY et al., 2023 N.Y. Misc. LEXIS 2352 (Sup. Ct. N.Y. Cnty., May 12, 2023); Demerest v. New York City Police Dep't et al., 2023 N.Y. Misc. LEXIS 328 (Sup. Ct. N.Y. Cnty. Jan. 24, 2023).

See <u>Walton v. N.Y. State Dep't of Corr. Servs.</u>, 8 N.Y.3d 186, 194 (2007) (ellipsis in original) (quoting <u>Best Payphones, Inc. v. Dep't of Info. Tech. & Telecomms.</u>, 5 N.Y.3d 30, 34 (2005)). Stated differently, an agency determination is "final and binding" "when the [party] is aggrieved by the determination. A [party] is aggrieved once the agency has issued an unambiguously final decision that puts the petitioner on notice that all administrative appeals have been exhausted." <u>Carter v. State</u>, 95 N.Y.2d 267, 270 (N.Y. 2000) (internal citations omitted). The "'final and binding determination' from which the […] limitations period is measured . . . is the point when the challenged action has its impact." <u>See</u> <u>Mundy v. Nassau County Civil Serv. Commn.</u>, 44 N.Y.2d 352, 357-58 (1978). With respect to reasonable accommodation requests for exemptions to the COVID-19 Vaccine Mandate at issue herein, the First Department has recently held that the statute of limitations for challenging the determination of the request begins to run on the date the Citywide Panel "reached a definitive position on the issue by denying petitioner's request for a religious exemption from the vaccination mandate." <u>See</u> <u>Matter of Farca v. Board of Educ. of the City Sch. Dist. of the City of N.Y.</u>, 220 A.D.3d 567 (1st Dep't Oct. 24, 2023).

Here, Plaintiff's RA Request for an exemption to the Vaccine Mandate was denied by DOI on November 18, 2021, and his appeal denied by the Citywide Panel on December 20, 2021. Plaintiff filed his EEOC Charge, asserting religious discrimination, **402 days later**. Because Plaintiff failed to file an EEOC Charge within 300 days of the determination of his RA Request, he failed to exhaust his administrative remedies, and the Amended Complaint must be accordingly dismissed.

**POINT II**

**PLAINTIFF'S CLAIMS THAT DEFENDANT
VIOLATED THE FREE EXERCISE CLAUSE
OF THE UNITED STATES CONSTITUTION
FAILS AND MUST BE DISMISSED**

**A.     Standard of Law**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotation omitted). Thus, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Here, the Amended Complaint asserts no factual allegations to demonstrate that Defendant violated the Free Exercise Clause of the United States Constitution. As such, Plaintiff's claims must be dismissed.

**B.     Plaintiff's Free Exercise Claim Must be Dismissed Because a Rational Basis Exists for Defendant's Enforcement of the Vaccine Mandate**

As an initial matter, and contrary to Plaintiff's claims, this Court, and numerous others, have already held that the Vaccine Mandate is facially neutral and generally applicable, and "the protection of the Free Exercise clause 'does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability.'" See Kane v. De Blasio, 623 F. Supp. 3d 339, 354 (S.D.N.Y. Aug. 26, 2022). Nonetheless, although Plaintiff continues to waste this Court's limited time and resources with his meritless assertions, his claims pursuant to 42 U.S.C.

9

§ 1983 fail because Plaintiff does not plausibly plead that Defendants violated the Free Exercise Clause of the First Amendment to the United States Constitution. To prevail on a Free Exercise Clause claim, a plaintiff must establish that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose…is the suppression of religion or religious conduct.'" See Kane, 623 F. Supp. 3d, 353-354 (citing Okwedy v. Molinari, 69 Fed. App'x. 482, 484 (2d Cir. 2003).

The Vaccine Mandate applies equally to all DOI and City employees and is facially neutral because "its restrictions apply equally to those who choose to remain unvaccinated for any reason." not just for religious reasons." Kane v. DeBlasio, 19 F.4th 152, 164 (2d Cir. 2021). Because a law that is facially neutral and generally applicable is subject to rational basis review even if it incidentally burdens a particular religious practice, the relevant inquiry here is whether there is a rational basis for the enforcement of the Vaccine Mandate. See We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 280 (2d Cir. 2021); Kane, 19 F.4th at 166; see also Coughlin et al. v. N.Y.S. Unified Court Sys., No. 22-CV-04002(FB)(JMW)(E.D.N.Y. Oct. 27, 2023). That hurdle is easily met.

Plainly, the Vaccine Mandate survives rational basis review. Administrative action is rational if it has a sound basis in reason. C.F., 191 A.D.3d at 69; see also Ferrelli, 2020 N.Y. Misc. LEXIS 7339, at *21-22 (alteration in original) (quoting Kane, 19 F.4th at 166) ("Rational basis review requires [the policymaker] to have chosen a means for addressing a legitimate goal that is rationally related to achieving that goal."). The Vaccine Mandate is "a reasonable exercise of the [City's] power to act to protect the public health" during the COVID-19 pandemic. Kane, 19 F.4th at 166; see also Deletto v. Adams, No. 156459/2022, 2022 NYLJ LEXIS 1306, at *11 (Sup. Ct. N.Y. Co., Sept. 26, 2022) (holding that "a vaccine mandate does not violate the free

exercise clause under the New York State Constitution"); Brousseau, 2022 N.Y. Misc. LEXIS 6653, at *10 (Sup. Ct. N.Y. Co., Nov. 1, 2022) ("[T]here is no basis to find that the [COVID-19] vaccine mandate violates petitioner's constitutional rights.").

Accordingly, because Plaintiff has failed to demonstrate that the Vaccine Mandate is a violation of the Free Exercise Clause of the United States Constitution, Plaintiff's Free Exercise claims must be dismissed.

## POINT III

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII

Plaintiff's Title VII religious discrimination claim also fails and must be dismissed. To defeat a motion to dismiss in a Title VII discrimination case, a plaintiff must plausibly allege facts (1) that his employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). The facts alleged in the Amended Complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent. Cooper v. Franklin Templeton Invs., 2023 U.S. App. LEXIS 14244, at *5 (2d Cir. 2023).

As an initial matter, and as discussed hereinabove, the COVID-19 Vaccine Mandate has consistently been upheld as a lawful condition of employment for City employees. On this point, every Court that has encountered this question – including this one – has unequivocally held that the Vaccine Mandate is lawful condition of employment for City employees. See Garland, 574 F. Supp. 3d 120, 128; see also Broecker, 525 F. Supp. 3d 299, 314; Maniscalco Art. 78 Decision at p. 9; Marciano, 2022 U.S. Dist. LEXIS 41151, at *25-26 (same); In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Ass'n v. de Blasio,

11

Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty). When an employee fails to satisfy a condition of his employment, he is no longer qualified to serve as a public employee. See We The Patriots USA, Inc. v. Hochul, Nos. 21-2179, 2102566, 17 F.4th 266, 2021 U.S. App. LEXIS 32880, 2021 WL 5121983, at *18 (2d Cir. 2021). Here, Plaintiff failed to satisfy a condition of his employment, was no longer qualified for employment with the City, and his employment was, therefore, terminated.

Plaintiff appears to allege that "the placement of Plaintiff on LWOP status subsequent to Plaintiff's disclosure of sincerely held religious beliefs that conflicted with receiving any COVID-19 vaccine constitute a discriminatory unemployment action in violation of Title VII, and that his termination was, similarly, a violation of Title VII. See AC ¶¶99-100. Plaintiff also preposterously alleges, while conveniently choosing to ignore the fact that he neither requested reinstatement, did not apply to be reinstated, nor did he inquire about reinstatement in any way, that in offering Plaintiff the opportunity to apply to have his employment reinstated without offering Plaintiff the option to submit a vaccine exemption, Defendant violated Title VII. See Id. ¶105.

With respect to any alleged discriminatory treatment by Defendant, the Amended Complaint does not set forth a single fact to even hint, much less plausibly suggest, that Plaintiff's purported religion was a motivating factor in Defendant's decision to terminate his employment. See Vega, 801 F.3d at 87. Indeed, beyond Plaintiff's broad, conclusory allegations of religious discrimination, the Amended Complaint is absent facts that suggest his placement on LWOP or the termination of his employment were in any way motivated by religious discrimination. See AC, *generally*. For these reasons, Plaintiff's Title VII claim of religious discrimination must be dismissed.

## POINT IV

## THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER TITLE VII

A plaintiff asserting a Title VII claim for failure to accommodate a religious belief must allege that (1) he held a bona fide religious belief conflicting with an employment requirement; (2) he informed his employer of this belief; and, (3) he was disciplined for failure to comply with the conflicting employment requirement." See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006). Because Plaintiff fails to meet these requirement, his failure to accommodate claims must be dismissed.

### A. Plaintiff's Placement on LWOP and Termination for His Failure to Meet a Condition of Employment Is Not Discipline

As an initial matter, in Garland, the Eastern District has conclusively ruled that in cases where an employee fails to meet a condition of his employment, placement on LWOP and termination does not constitute "discipline." Garland, 574 F. Supp. 3d 120. The termination of a public employee for failure to satisfy a lawful condition of employment is unrelated to job performance, misconduct, or competency and therefore does not implicate applicable disciplinary procedures. See Id. at 129; see also Broecker, 525 F. Supp. 3d 299, 318; Marciano v. De Blasio, 589 F. Supp. 3d 423, 436 (S.D.N.Y. Mar. 8, 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures); O'Reilly v. Bd. of Ed., 2022 N.Y. Slip. Op. 30173(U), ¶ 2 (where the court determined that employment action taken by DOE was "not discipline but instead was merely a response to petitioner's refusal to comply with a condition of employment."); Matter of Clarke v. Bd. Of Educ.

of the City School Dist. of the City of N.Y., 213 A.D.3d 548, 550 (N.Y. Ct. App. Feb. 21, 2023) (where the First Department, in affirming the lower court's determination in the Maniscalco Art. 78 Decision, held that "placement on leave without for failure to prove vaccination, a condition of employment […] does not constitute discipline.").

This recent precedent is in line with case law holding that "under New York law, the termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures set forth" in the applicable disciplinary statute. See Garland, 574 F. Supp. 3d 120 at 127-129 (citing cases). Thus, employment actions taken by the City, up to and including termination, with respect to City employees who failed to comply with the Vaccine Mandate is not disciplinary action.

B.     **Plaintiff Fails to Establish that He Has a Bona Fide Religious Belief That Conflicts With a Condition of Employment**

Plaintiff's failure to accommodate claim further fails because the Amended Complaint does not plausibly allege that Plaintiff has a religious belief that conflicts with the Vaccine Mandate. The EEOC makes clear that "objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or on nonreligious concerns, do not qualify as 'religious beliefs' under Title VII."[7] Here, no factual allegations are contained in the Amended Complaint that Plaintiff's purported belief is anything more than a political belief and a personal preference.

---

[7]  See https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws?utm_content=&utm_medium=email&utm_name=&utm_source=govdelivery&utm_term=#L (last accessed on January 3, 2024).

The Amended Complaint alleges that Plaintiff is a Roman Catholic, that his purported religious beliefs "include a belief in divine immunity and divine protection," and that "the body is a sacred gift from God and, and such, Plaintiff opposes any medical treatment in any way connected to aborted fetal cells." Id. ¶¶28-30, 39.

Critically, however, is that by Plaintiff's own admission, his opposition to the Vaccine Mandate consists of personal concerns (*i.e.,* "indirect coercion," "people are playing God," and, "the entire process is child sacrifice and modern sorcery,"), which do not qualify as a religious belief under Title VII. See AC ¶143, see Plaintiff's Exhibit C, generally; see also Pierre v. Fire Dept. of the City of N.Y., (Art. 78), 2023 N.Y. Misc. LEXIS 1272 (Sup. Ct. N.Y. Cnty. Mar. 23, 2023), *6-7 (Art. 78 petition denied where the petitioner objected to a vaccine "that has used stem cells from fetuses [...] without any connection to a sincerely held religious belief" because the "request was based on [the petitioner's] personal preferences."); Bath v. Fire Dept. of the City of N.Y., 2023 N.Y. Misc. LEXIS 2744. The Amended Complaint fails to articulate how Plaintiff's opinions about abortion and the use of fetal cells that he purportedly explained to Defendant are a bona fide *religious* belief.

Finally, the Amended Complaint fails to demonstrate that Plaintiff's alleged religious belief conflicts with the Vaccine Mandate. Instead, the Amended Complaint, particularly Plaintiff's Exhibit C, demonstrate that the Vaccine Mandate conflicts with Plaintiff's personal beliefs. This may be so. However, because Plaintiff failed to allege that the Vaccine Mandate conflicts with his *bona fide religious belief*, he has failed to establish that Defendant violated Title VII by reason of failure to accommodate.

## **CONCLUSION**

For the foregoing reasons, Defendant City of New York respectfully requests that

its motion to dismiss the Amended Complaint be granted in its entirety, that judgment in favor of

Defendant be entered, and that Defendant be granted costs, fees, and disbursements together with

such other and further relief as the Court deems just and proper.


Dated:          New York, New York
                January 5, 2024

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendant*
                              100 Church Street, Room 2-125
                              New York, New York 10007
                              212-356-2467


                    By:      /s/ *Kathleen M. Linnane*
                              Kathleen M. Linnane
                              *Assistant Corporation Counsel*
                              klinnane@law.nyc.gov