

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KATHLEEN M. LINNANE
Assistant Corporation Counsel
Labor and Employment Law Division
Telephone: (212) 356-2467
E-mail: klinnane@law.nyc.gov

January 5, 2024

**By ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re: *O'Leary v. New York City Department of Investigation, et al.*
          1:23-cv-05956-NRB

Dear Judge Buchwald:

   I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, attorney for the defendant City of New York ("Defendant") in the above-referenced action. Defendant respectfully submits its enclosed motion to dismiss the Amended Complaint, and pursuant to Rule 2.E.1. of Your Honor's Individual Practices, outlines below the substantive arguments set forth therein.

   Plaintiff is a Digital Forensics Investigator formerly employed with the New York City Department of Investigation, whose employment was terminated in February, 2022 for failing to comply with the COVID-19 vaccine mandate applicable to City employees ("Vaccine Mandate"). Plaintiff brings this action against Defendant pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, alleging violations of the Free Exercise clause of the United States Constitution, discrimination based on his religion, and failure to accommodate.

**A) Plaintiff Failed to Timely Exhaust His Administrative Remedies Prior to Seeking Court Intervention**

   The Amended Complaint should be dismissed because Plaintiff did not exhaust his administrative remedies prior to seeking court intervention. "Title VII requires an aggrieved party to exhaust administrative remedies before filing suit in federal court." See Ferguson v. Park Slope Food Co-Op, No. 21-CV-347 (WFK) (TAM), 2023 U.S. Dist. LEXIS 40766, at *12-13 (E.D.N.Y. Mar. 10, 2023) (citation omitted). To exhaust administrative remedies in New York, a plaintiff must file a charge of discrimination with the [Equal Employment Opportunity Commission "EEOC"] or the relevant state or local fair employment practices agency within 300

days of the alleged discriminatory acts. See 42 U.S.C. § 2000e-5(e)1; see also Robles v. Cox & Co., 841 F. Supp. 2d 615, 625 (E.D.N.Y. 2012).

The Amended Complaint alleges that the December 20, 2021 denial by defendant of his reasonable accommodation request for a religious exemption from the Vaccine Mandate and the February 11, 2022 termination of Plaintiff's employment were discriminatory acts. As a condition precedent to seeking relief in a federal court for the violations alleged in the Amended Complaint, Plaintiff was required to file an EEOC charge within 300 days after the alleged occurrence of the allegedly unlawful employment practice, *i.e.*, no later than October 16, 2022. See Robles, 841 F. Supp. 2d at 625. However, Plaintiff failed to do so, waiting until January 26, 2023, beyond the deadline required by law. Because Plaintiff failed to file an EEOC Charge within 300 days of either the determination of his RA Request or of the termination of his employment, he failed to exhaust his administrative remedies, and the Amended Complaint must be accordingly dismissed.

**B) Plaintiff's Free Exercise Claim Must be Dismissed Because a Rational Basis Exists for Enforcement of the Vaccine Mandate**

To prevail on a Free Exercise Clause claim, a plaintiff must establish that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose…is the suppression of religion or religious conduct.'" See Kane, 623 F. Supp. 3d, 353-354 (citing Okwedy v. Molinari, 69 Fed. App'x. 482, 484 (2d Cir. 2003). The protection of the Free Exercise clause 'does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability.'" Id. at 354.

The Second Circuit Court of Appeals found the Vaccine Mandate to be constitutional on its face, and that "in all its iterations, is neutral and generally applicable." See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. Nov. 28 2021). Therefore, the relevant inquiry here is whether there is a rational basis for the enforcement of the Mandate. See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021); see also Coughlin et al. v. N.Y.S. Unified Court Sys., No. 22-CV-04002(FB)(JMW)(E.D.N.Y. Oct. 27, 2023). Plainly, the Vaccine Mandate survives rational basis review. The Vaccine Mandate is "a reasonable exercise of the [City's] power to act to protect the public health" during the COVID-19 pandemic. Kane, 19 F.4th at 166; see also Deletto v. Adams, No. 156459/2022, 2022 NYLJ LEXIS 1306, at *11 (Sup. Ct. N.Y. Co., Sept. 26, 2022) (holding that "a vaccine mandate does not violate the free exercise clause under the New York State Constitution"); Brousseau, 2022 N.Y. Misc. LEXIS 6653, at *10 (Sup. Ct. N.Y. Co., Nov. 1, 2022) ("[T]here is no basis to find that the [COVID-19] vaccine mandate violates petitioner's constitutional rights.").

**C) The Amended Complaint Fails to State a Cause of Action for Religious Discrimination Under Title VII**

Plaintiff's Title VII religious discrimination claims fails because Plaintiff does not allege facts giving rise to an inference of discrimination. To defeat a motion to dismiss in a Title VII discrimination case, a plaintiff must plausibly allege facts (1) that his employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating

factor in the employment decision. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).

The Amended Complaint fails to set forth any facts that plausibly suggest that Plaintiff's purported religion was a motivating factor in Defendant's decision to terminate his employment. Id. at 87. Moreover, the Vaccine Mandate has consistently been upheld as a lawful condition of employment for City employees. See Garland, 574 F. Supp. 3d 120, 128; see also Broecker, 525 F. Supp. 3d 299, 314; Maniscalco Art. 78 Decision at p. 9; Marciano, 2022 U.S. Dist. LEXIS 41151, at *25-26 (same); In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Ass'n v. de Blasio, Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty). When an employee fails to satisfy a condition of his employment, he is no longer qualified to serve as a public employee. See We The Patriots USA, Inc. v. Hochul, Nos. 21-2179, 2102566, 17 F.4th 266, 2021 U.S. App. LEXIS 32880, 2021 WL 5121983, at *18 (2d Cir. 2021). Here, Plaintiff failed to satisfy a condition of his employment, was no longer qualified for employment with the City, and his employment was, therefore, terminated.

**D) The Complaint Fails to State a Cause of Action for Title VII Failure to Accommodate**

A plaintiff asserting a Title VII claim for failure to accommodate a religious belief must allege that (1) he held a bona fide religious belief conflicting with an employment requirement; (2) he informed his employer of this belief; and, (3) he was disciplined for failure to comply with the conflicting employment requirement." See Baker v. Home Depot, 445 F.3d 541, 8546 (2d. Cir. 2006). Plaintiff fails to do so here.

The Eastern District has conclusively ruled that in cases where an employee fails to meet a condition of his employment, placement on leave without pay and termination does not constitute "discipline." Garland, 574 F. Supp. 3d 120. The termination of a public employee for failure to satisfy a lawful condition of employment is unrelated to job performance, misconduct, or competency and therefore does not implicate applicable disciplinary procedures. Id. at 129; see also Broecker, 525 F. Supp. 3d 299, 318; Marciano v. De Blasio, 589 F. Supp. 3d 423, 436 (S.D.N.Y. Mar. 8, 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures); O'Reilly v. Bd. of Ed., 2022 N.Y. Slip. Op. 30173(U), ¶ 2 (where the court determined that employment action taken by DOE was "not discipline but instead was merely a response to petitioner's refusal to comply with a condition of employment.").

Furthermore, the EEOC makes clear that "objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or on nonreligious concerns, do not qualify as 'religious beliefs' under Title VII." Here, the Amended Complaint fails to allege that Plaintiff's purported beliefs constitute a *religious* belief, or that Plaintiff's alleged belief conflicts with the DOI's requirement to be vaccinated against COVID-19.

            Respectfully submitted,

            /s/ *Kathleen M. Linnane*
            Kathleen M. Linnane
            Assistant Corporation Counsel

cc:  All Counsel of Record
   (By ECF)